IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL G. ARNOLD,

    Petitioner,               No. CIV S-06-1539 MCE KJM P

    vs.

BEN CURRY, Warden,[1]

    Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is proceeding with counsel with an application for writ of habeas corpus under 28 U.S.C. § 2254. On September 28, 2006, respondent filed a "motion to dismiss" in which he argues that petitioner has failed to exhaust state court remedies with respect to some of his claims. Oral argument was held with respect to respondent's motion on November 1, 2006.

    The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all

/////

---

[1] Respondent has informed the court that Ben Curry is now the warden at petitioner's place of incarceration. Therefore, Warden Curry is substituted as respondent for Anthony Kane. See Fed. R. Civ. P. 25(d)(1); Rules Governing § 2254 Cases, Rule 2(a).

1

1  claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971);
2  Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).  It
3  is petitioner's burden to demonstrate exhaustion.  Williams v. Craven, 460 F.2d 1253, 1254 (9th
4  Cir. 1972).
5          Petitioner raises five claims in his habeas petition.  Respondent argues petitioner
6  has not exhausted state court remedies with respect to claim 1 and aspects of claim 5.
7          In claim 1, petitioner asserts a violation of the Double Jeopardy Clause of the
8  Fifth Amendment.  Pet. at 17-25.  The parties agree that petitioner never specifically invoked the
9  Double Jeopardy Clause or the Fifth Amendment before the California Supreme Court.  Mot. to
10 Dismiss at 5; Opp'n at 4:18-19; see also Pet. for Review filed in California Supreme Court on
11 March 9, 2005 (Doc. No. 8 lodged on September 28, 2006).  Petitioner's argument that the facts
12 presented and the other federal claims identified to the California Supreme Court exhausted state
13 court remedies with respect to the double jeopardy claim is unavailing.  See Casey v. Moore, 386
14 F.3d 896, 913 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005) (federal claim is "fairly
15 presented" to state court for purposes of exhaustion when petitioner clearly alerts the court that
16 he is alleging a specific Constitutional violation); see also Hiivala v. Wood, 195 F.3d 1098,
17 1106-07 (9th Cir. 1999).  Petitioner's first claim was not "fairly presented" to the California
18 Supreme Court and should be dismissed for failure to exhaust state court remedies.
19         In his fifth claim, petitioner asserts, among other things that his Sixth Amendment
20 right to a jury trial was violated when the judge, rather than the jury, made findings that resulted
21 in petitioner's being sentenced to the maximum term applicable to count three (grand theft).  Pet.
22 at 39-43.  Petitioner cites Blakely v. Washington, 542 U.S. 296 (2004), in support of his claim.
23 Id.  Respondent asserts that petitioner has not exhausted state court remedies with respect to this
24 aspect of claim 5.  Petitioner generally avers that claim 5 is fully exhausted.  While conceding
25 that count three is not specifically identified in his Supreme Court petition, petitioner argues that
26 count three clearly was covered by his description of a set of charges; the set included "charges

2

involving the same victim hav[ing] overlapping or possibly overlapping dates" and was exemplified, but not delimited, by counts seven, nine and ten. Opp'n at 6:3-21. To satisfy the "fair presentation" requirement, a petitioner must describe for the state court both the federal legal theory and the operative facts on which a claim in habeas is based. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999). Here, petitioner has not met his burden of demonstrating he presented the operative facts with respect to count three as set forth in claim 5.

In light of the foregoing, the court finds that the petition currently before the court is "mixed," containing both exhausted and unexhausted claims. Petitioner asks that the court stay his "mixed" petition so that he may return to state court to complete exhaustion. In Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 1535 (2005), the Supreme Court recognized the district court's authority to stay a mixed petition for writ of habeas corpus in "limited circumstances" if the court finds good cause for petitioner's failure to exhaust earlier and merit to the claims petitioner is seeking to exhaust.

Petitioner has not shown good cause for his failure to earlier exhaust. Petitioner generally blames the attorney that represented him on direct appeal for insufficiently clear filings, and thus for failing to complete exhaustion at that stage of litigation. Opp'n at 7:10-19. But petitioner's unexhausted claims did not necessarily have to be raised on direct appeal. He could have raised them through California's collateral review process. Petitioner has failed to indicate why he did not utilize that process before filing in federal court.[2] Petitioner's request for a stay should be denied.

/////

/////

/////

---

[2] Petitioner's petition for review before the California Supreme Court was denied on April 13, 2005. Resp't's Lodged Doc. No. 9. This action was commenced over one year later.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's September 28, 2006 "motion to dismiss" be granted;

2. Claim 1 and the part of claim 5 in which petitioner asserts he was improperly sentenced to the upper term for count three (grand theft), which appear in petitioner's application for writ of habeas corpus, be dismissed;

3. Petitioner's October 11, 2006 request for a stay be denied; and

4. Respondent file an answer to the remaining claims in the petition within sixty days of any adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 23, 2007.

U.S. MAGISTRATE JUDGE

1
arno1539.157