UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL G. ARNOLD, | No. 2:06 CV 01539 AWT |
| Petitioner, | |
| | ORDER OF DISMISSAL |
| v. | |
| BEN CURRY, Warden, | |
| Respondent. | |

## Facts

Petitioner Michael G. Arnold is a state prisoner proceeding *pro se* with a petition for a writ of habeas corpus under to 28 U.S.C. § 2254. Petitioner challenges his state court conviction for violations of California Penal Code §§ 115(a), 470(d), 487(a), and 504.

After Petitioner was convicted by jury on February 19, 2003, on sixteen

counts of grand theft, offering a false instrument for filing, forgery, and embezzlement, Petitioner appealed, and the California Court of Appeal affirmed his conviction.  The California Supreme Court denied review.

Petitioner filed this habeas petition, raising the following claims:  (1) violation of double jeopardy by the imposition of multiple punishments for the same criminal act; (2) violation of his due process right to an impartial jury because of the trial court's failure to grant a change of venue despite extensive pre-trial publicity; (3) ineffective assistance of counsel; (4) violation of his due process and constitutional rights by the introduction of evidence of his federal check-kiting conviction; and (5) violation of his Sixth Amendment rights by the trial court's reliance on aggravating factors not found by the jury and order that two of his sentences be served consecutively.  This court dismissed Petitioner's first claim and part of Petitioner's fifth claim on September 25, 2007.

On January 25, 2010, a status conference was held at which the court ordered the parties to file briefs regarding the need for an evidentiary hearing on Petitioner's claims.  On January 31, 2010, Petitioner filed his brief, in which he conceded that no evidentiary hearing is required.  Upon review of the petition, the State's answer, and the state court record, the court determines, under Rule 8(a), Rules Governing § 2254 Cases in the U.S. District Courts, that this petition may

be ruled on without an evidentiary hearing.

## Discussion

Currently at issue in this habeas petition are four challenges raised by Petitioner. I address each seriatim.

**1.     Petitioner's Right to a Fair Trial Despite Adverse Publicity**

Petitioner argues that the trial court abused its discretion by denying his motion for a change of venue despite adverse publicity regarding the case.

The Sixth Amendment (applied to states through the Fourteenth Amendment) guarantees every defendant the right to a fair trial by an impartial jury. "If pretrial publicity is such that it is impossible to seat such a jury, a judge must grant a defendant's request for a change of venue." *Randolph v. California*, 380 F.3d 1133, 1142 (9th Cir. 2004). The requirement of an impartial jury, however, does not require "a jury completely ignorant of the facts." *United States v. Sherwood*, 98 F.3d 402, 410 (9th Cir. 1996). Thus, publicity regarding a defendant only prejudices the defendant to the extent that it "operates to deprive the defendant of a fair trial." *United States v. Bailleaux*, 685 F.2d 1105, 1108 (9th Cir. 1982).

In order to establish a constitutional violation on the basis of pretrial publicity, the defendant must establish either actual or presumed prejudice.

*Randolph*, 380 F.3d at 1142.  Actual prejudice is established when the defendant demonstrates that "jurors exhibited actual partiality or hostility that could not be laid aside." *Id.*  "Prejudice is presumed only in extreme instances 'when the record demonstrates that the community where the trial was held was saturated with prejudicial and inflammatory media publicity about the crime.'" *Daniels v. Woodford*, 428 F.3d 1181, 1211 (9th Cir. 2005) (quoting *Ainsworth v. Calderon*, 138 F.3d 787, 795 (9th Cir. 1998), *as amended*, 152 F.3d 1223).

A trial court has broad discretion in ruling on a motion for change of venue, and will be reversed only for clear abuse of discretion.  *See United States v. Croft*, 124 F.3d 1109, 1115 n.2 (9th Cir. 1997); *United States v. Flores-Elias*, 650 F.2d 1149, 1150 (9th Cir. 1981).  "The ultimate question confronting a trial judge in situations such as this is whether it is possible to select a fair and impartial jury from a jury array selected from the vicinity where the publicity occurred." *United States v. Dreitzler*, 577 F.2d 539, 552 (9th Cir. 1978) (quoting *United States v. Jobe*, 487 F.2d 268, 269 (10th Cir. 1973)).

Here, Arnold has not established actual prejudice because there is no evidence that any juror exhibited hostility toward Arnold which could not be laid aside.  *See Randolph*, 380 F.3d at 1142.

Arnold has also failed to establish presumed prejudice.  He references

-4-

thirty-nine newspaper articles appearing over the course of seventeen months from April 2001 to September 2002.[1]  An average of one article every couple of weeks does not amount to an "extreme instance[]" demonstrating that the community was "saturated with prejudicial and inflammatory publicity."  *Daniels*, 428 F.3d at 1211.  The state trial court thus did not abuse its discretion by concluding that "the coverage of this matter has not been such as to warrant characterization as sensational or coverage that the base [*sic*] biased or slanted."  (Lodged Document No. 10, Transcript of Proceedings, October 9, 2002 at 9.)

**2.     Petitioner's Ineffective Assistance of Counsel Claim**

Petitioner next claims that he was deprived of his right to effective assistance of counsel because his counsel failed to move for a change of venue again after completion of voir dire.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a petitioner claiming ineffective assistance of counsel must show both that his counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Id.* at 687.  In evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.  If counsel's performance was unreasonable

---

[1]     The jury was selected, and trial began in December 2002.

under prevailing professional norms, Petitioner must next "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner cannot overcome the strong presumption that his trial counsel's conduct fell within the wide range of reasonable professional assistance. A trial court may properly deny a motion for change of venue made subsequent to *voir dire* where *voir dire* fails to show that the appellant did not have an impartial jury or could not receive a fair trial. *Narten v. Eyman*, 460 F.2d 184, 189 (9th Cir. 1969). Here, defense counsel did not use all of his peremptory challenges before accepting the jury and the alternate jurors, thus indicating his recognition that the jury as selected was fair and impartial. *See People v. Daniels*, 802 P.2d 906, 922 (Cal. 1991) (finding that unused perempory challenges "strongly indicated that the jurors were fair, and that the defense itself had so concluded"). In addition, because neither subsequent media reports nor jurors' responses during *voir dire* demonstrated that "the community where the trial was held was saturated with prejudicial and inflammatory media publicity about the crime," *United States v. Collins*, 109 F.3d 1413, 1416 (9th Cir. 1997), Petitioner's trial counsel may have decided that an additional motion for change of venue would have been futile. *See James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) ("Counsel's failure to make a futile

motion does not constitute ineffective assistance of counsel.").

Finally, as previously discussed, Petitioner has not shown that prejudice due to pre-trial publicity should be presumed. As a result, his counsel's failure to move for a change of venue after *voir dire* did not prejudice the defense, and Petitioner's claim fails under harmless error analysis.

**3.      Admission of Evidence of Petitioner's Federal Conviction**

Petitioner contends that the state court erred by admitting evidence regarding Petitioner's federal check-kiting conviction. This court's habeas review "is limited to determining whether the admission of evidence rendered the trial so fundamentally unfair as to violate due process." *Windham v. Merkle*, 163 F.3d 1092, 1103 (9th Cir. 1998). "Even clearly erroneous admissions of evidence that render a trial fundamentally unfair may not permit the grant of federal habeas corpus relief if not forbidden by 'clearly established Federal law,' as laid out by the Supreme Court." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009).

The state court admitted evidence of Petitioner's federal check-kiting conviction for purposes of establishing Petitioner's intent to defraud. The court explained that this evidence was probative of why Petitioner needed to defraud at least one of the victims, Dr. Rankin, because the funds he obtained were necessary to maintain the check-kiting scheme. The Supreme Court, however, "has not yet

made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." Therefore, this court may not grant federal habeas relief based on the admission of evidence pertaining to Petitioner's federal conviction.[2]

### 4.    Consecutive Sentences for Related Counts

Petitioner's final contention is that, under California Rule of Court 4.425, the state court erred by ordering the sentences on counts nine and ten, involving two separate disbursements on different dates from North Valley Bank, to be served consecutively. This court, however, may not grant federal habeas relief for alleged errors of state law absent a violation of the Constitution or laws of the United States. *See Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Furthermore, a state court's factual findings are presumed correct unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

Here, Petitioner has failed to allege any constitutional violations and, in any event, has not presented clear and convincing evidence that counts nine and ten

---

[2]    Moreover, because Petitioner's federal conviction was relevant to the case, admission of the evidence was not fundamentally unfair and did not violate clearly established federal law. *Cf. Estelle v. McGuire*, 502 U.S. 62, 69 (1991) ("Concluding, as we do, that the prior injury evidence was relevant to an issue in the case, we need not explore further the apparent assumption of the Court of Appeals that it is a violation of the due process guaranteed by the Fourteenth Amendment for evidence that is not relevant to be received in a criminal trial.").

were not separate and distinct and thus did not warrant a consecutive sentences

## Conclusion

Pursuant to the foregoing examination of Petitioner's allegations, the court concludes that the petition fails to state a viable claim for relief under federal law. Accordingly, the petition for writ of habeas corpus is **DISMISSED.**

Dated:  August 23, 2010.

                                              */s/ A. Wallace Tashima*
                                              United States Circuit Judge
                                              Sitting by designation.